1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11  MICHAEL BIRD,                          )   Case No.: 1:15-cv-00298-SAB (PC)
                                           )
12               Plaintiff,                )   ORDER DENYING PLAINTIFF'S MOTION TO
                                           )   REMAND, DENYING PLAINTIFF'S MOTION TO
13          v.                             )   SEVER AND SEPARATE DEFENDANTS, AND
                                           )   DENYING MOTION FOR ENTRY OF DEFAULT
14  DONALD MAYHUE, et al.,                 )
                                           )   [ECF Nos. 7, 8, 9, 10, 13]
15               Defendants.               )
                                           )
16  _____ )

17          Plaintiff Michael Bird is appearing pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.

19                                        **I.**

20                                  **BACKGROUND**

21          On February 25, 2015, the instant action was removed from the California Superior Court for

22  the County of Madera by Defendant D. Mayhew.

23          On March 16, 2015, Plaintiff filed an opposition to Defendant's removal of the action.  (ECF

24  No. 7.)  On March 20, 2015, Plaintiff filed a motion to sever and separate Defendants who did not

25  seek removal to federal court.  (ECF No. 9.)  Plaintiff contends that Defendant Curtice was personally

26  served by inmate Tracy Holt on January 26, 2015, while working on the yard at Valley State Prison,

27  and removal of the action is defective because Defendant Curtice did not join in the removal.

28

Defendant Mayhew filed a response to Plaintiff's opposition to removal on March 23, 2015. (ECF No. 8.)

On April 2, 2015, Plaintiff filed a subsequent motion objecting to the removal of the action from state court.  (ECF No. 13.)

On April 10, 2015, Defendants Curtice, Montoya, Roberts, and the California Department of Corrections and Rehabilitation filed a joinder in Defendant Mayhew's notice of removal.  (ECF No. 14.)

On April 23, 2015, Defendant Mayhew filed an opposition to Plaintiff's request for entry of default.  (ECF No. 17.)

## II.

## DISCUSSION

### A.     Service of Defendant Curtice

California law provides that proper service of a summons and complaint is effected by "personal delivery of a copy of the summons and of the complaint to the person to be served.  Service of a summons in this manner is deemed complete at the time of such delivery."  Cal. Code Civ. Proc. § 415.10.

Defendant Mayhew's counsel, Deputy Attorney General Andrea Sloan, submits that she was diligent in attempting to ascertain if any Defendants in this matter, other than Defendant Mayhew, had been served prior to filing the Notice of Removal.  On February 17, 2015, Sloan spoke by telephone with the Litigation Coordinator for Valley State Prison (VSP), Carrie Critchlow.  (ECF No. 8, Decl. of Andrea Sloan at ¶ 4.)

During the call, Sloan inquired as to whether the other Defendants were employed at VSP and whether any of them had been served with the summons and complaint.  (Id. at ¶ 5.)  Ms. Critchlow stated she was aware of the complaint and that all Defendants are presently employed at VSP.  She also stated none of the remaining Defendants had been served with the summons and complaint.  (Id. at ¶ 6.)

Defendant Curtice confirmed he was never personally served with the summons and complaint in this matter.  (ECF No. 8, Decl. of Curtice at ¶¶ 4 and 7.)  On February 19, 2015, Defendant Curtice

2

received an opened envelope in his work mailbox located in the central control unit.  (Id. at ¶ 5.)  The opened envelope was addressed from inmate Holt and contained the following documents:

1.      Case Management Statement by Plaintiff Bird;

2.      Request for Admissions of the Genuineness of Documents; and

3.      Requests for Admissions of Truth of Facts

(Id. at ¶ 6.)

Sloan further called the Civil Department of the Superior Court of California, County of Madera, to inquire if proofs of service of the summons and complaint had been filed with the court. At approximately 8:30 a.m. on February 19, 2015, Sloan received verbal confirmation from the Clerk of the court, Michelle, that no proofs of service for the complaint as to any of the defendants, including Donald Mayhew, had been filed with the court.  (Decl. of Andrea Sloan at ¶ 7.)

After counsel Sloan received Plaintiff's opposition and discovered Plaintiff's claim of service of Defendant Curtice on January 26, 2015, Sloan contacted the Madera County Court again on March 17, 2015, and spoke with a clerk by the name of Denise.  Denise informed Sloan that there had in fact been two proofs of service filed in this matter on February 9, 2015, which stated that Defendants Mayhew and Curtice had been personally served on January 26, 2015.  (Id. at ¶ 11.)

On March 18, 2015, Sloan spoke with Ms. Critchlow, again.  Ms. Critchlow informed Sloan she discussed the matter at length with Defendant Curtice again.  Ms. Critchlow stated Defendant Curtice informed her again that he was never served with the summons and complaint in this matter by inmate Tracy Holt or by any other means.  (Id. at ¶ 13.)  Ms. Critchlow did reiterate that on February 19, 2015, documents were placed in Defendant Curtice's mailbox located in the control room.

Defendant Curtice declares that to date he has not been personally served with a copy of the summons and complaint. (Decl. of Curtice  at ¶¶ 4 and 7.)  However, in the event Plaintiff does properly serve Defendant Curtice with the summons and complaint in this action, Curtice has indicated he will join in Defendant Mayhew's Notice of Removal.

While there is a dispute as to whether Defendant Curtice had been served with a copy of the summons and complaint prior to removal, such service does not defeat the notice of removal by Defendant Mayhew.  In any event, Defendants Curtice, Montoya, Roberts, and the California

Department of Corrections and Rehabilitation joined in Defendant Mayhew's notice of removal.  (ECF No. 14.)

**B.    Original Jurisdiction-Federal Question Jurisdiction**

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint.  28 U.S.C. § 1441.  Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim "arises under" federal law if, based on the well-pleaded complaint rule, the plaintiff alleges a federal claim for relief.  Vaden v. Discover Bank, 556 U.S. 49 (2009).

In this instance, although Plaintiff's complaint presents state law claims, it also presents facts giving rise to a federal claim under 42 U.S.C. § 1983 for violations of the First and Eighth Amendments of the United States Constitution.  Removal is therefore permitted under 28 U.S.C. § 1441(a) based on federal question jurisdiction.  In addition, this Court has supplemental jurisdiction over of Plaintiff's causes of action for assault and battery as well as his negligence and failure to train, monitor and supervise causes of action as set forth in his first through sixth causes of action.

**C.    Request for Entry of Default**

Plaintiff asserts that, pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, Defendant Mayhew was required to serve Plaintiff with an answer or otherwise respond to the complaint seven days after removal.  Defendant Mayhew filed a response to Plaintiff's request on April 23, 2015.  Plaintiff's request for entry of default is premature.

As Defendant points out, on February 25, 2015, shortly after Defendant Mathew removed this action to this Court, a First Informational Order was issued in this case.  (ECF No. 3.)  At page three of the order, the Court advised the parties:

> A. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from an individual who is immune from such relief.  28 U.S.C. § 1915A(b)(1)(2).

4

B.  A pro se plaintiff may not proceed with legal action against a governmental entity or individual in this Court until the Court screens the pro se plaintiff's complaint and finds that it states a cognizable claim against named defendants…

(ECF No. 3.)  Although Defendant Mayhew did not expressly request the Court to issue a screening order, or request thirty days following a screening order to respond to the complaint, the Court's February 25, 2015, effectively advised the parties that the Court would screen the complaint, as required by 28 U.S.C. § 1915A.  Accordingly, Plaintiff's request for entry of default must be DENIED, as the Court is required to screen the complaint, and the Court will do so in due course.

## II.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion to remand is DENIED; and

2.      Plaintiff's request for entry of default as to Defendant Mayhew is DENIED.

IT IS SO ORDERED.

Dated:   **May 4, 2015**

_____
UNITED STATES MAGISTRATE JUDGE

5