UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BIRD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONALD MAYHEW,<br><br>　　　　　Defendant. | Case No.: 1:15-cv-00298-LJO-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S REQUEST FOR RULING ON APRIL 2, 2015, MOTION TO REMAND ACTION BACK TO STATE COURT<br><br>[ECF Nos. 13, 21] |

　　　　Plaintiff Michael Bird is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was removed from the Madera County Superior Court to this Court on February 25, 2015.

　　　　On May 4, 2015, the Court denied Plaintiff's motion to remand, motion to sever and separate Defendants, and request for entry of default. (ECF No. 18.)

　　　　On June 17, 2015, Plaintiff seeks a ruling on his request for monetary damages, request to disqualify the Deputy Attorney General, and request to terminate employment of Mayhew and Curtice. (ECF No. 21.)

　　　　Plaintiff's claim for monetary damages under California Penal Code sections 147 and 422.7 is unfounded. Notwithstanding the fact that Plaintiff has failed to prove liability in this action, there is no basis to award sanctions against either Defendant Mayhew or Curtice because there is no private

right of action under California Penal Code sections 147 and 422.7.[1]  Plaintiff may not sue Defendants for violations of the California Penal Code.  See Gonzaga University v. Doe, 536 U.S. 273, 283-286 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights creating terms and manifests an intent to create a private remedy); see also Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).  Furthermore, there is no legal basis for Plaintiff to seek employment termination of any Defendant in this action, by way of a section 1983 complaint.

Plaintiff's request to disqualify the assigned Deputy Attorney General is likewise unfounded.  Plaintiff contends that Defendants through the filing of Deputy Attorney General conspired to make unqualified statements under California Penal Code section 368(b).[2]  Again, as previously stated, there is no private right of action under California Penal Code section 368(b).   Even if Plaintiff has standing to raise a challenge to disqualify opposing counsel, Plaintiff's claim is without merit.  The State of California has a mandatory duty to represent the State and any state officer acting in an official capacity.  See Cal. Gov't Code § 12512 ("The Attorney General shall . . . defend all causes to which the State, or any State officer is a party in his official capacity ….").  Thus, the State is entitled to defend any of its employees who have been sued for acts within the scope of their employment and request legal representation.  See Cal. Gov't Code § 995 (providing that "upon request of an employee or former employee, a public entity shall provide for the defense of any civil action or proceeding brought against him … on account of an act or omission in the scope of his employment as an employee of the public entity.")  The fact that the assigned Deputy Attorney General removed this action from state court to this Court (albeit lawfully) clearly does not provide a basis to disqualify such counsel.

///

///

---

[1] California Penal Code section 147 states: "Every officer who is guilty of willful inhumanity or oppression toward any prisoner under his care or in his custody,  is punishable by fine not exceeding four thousand dollars ($4,000), and by removal from office."  California Penal Code section 422.7 lists aggravating factors for punishment.

[2] California Penal Code section 367 outlines crime elder or dependent adults.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for monetary damages under California Penal Code sections 147 and 422.7 is DENIED;
2. Plaintiff's request for termination of Defendants' employment is DENIED; and
3. Plaintiff's request for disqualification of the assigned Deputy Attorney General is DENIED.

IT IS SO ORDERED.

Dated: **June 23, 2015**

UNITED STATES MAGISTRATE JUDGE