UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BIRD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONALD MAYHEW,<br><br>　　　　　Defendant. | Case No.: 1:15-cv-00298-LJO-SAB (PC)<br><br>ORDER GRANTING IN PART AND DENYING PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT<br><br>[ECF No. 27] |

Plaintiff Michael Bird is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was removed from the Madera County Superior Court to this Court on February 25, 2015.

This action is proceeding against Defendant Donald Mayhew for excessive force and negligence.

On December 8, 2015, Plaintiff filed a motion to compel discovery from Defendant. Defendant filed an opposition on December 30, 2015.

**I.**

**DISCUSSION**

**A.      Legal Standard**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would

1  otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to
2  involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ.
3  P. 37(a)(1); Local Rules 240, 251; ECF No. 26, Discovery and Scheduling Order, ¶4. Further, where
4  otherwise discoverable information would pose a threat to the safety and security of the prison or
5  infringe upon a protected privacy interest, a need may arise for the Court to balance interests in
6  determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v.
7  Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and
8  language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of
9  Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of
10 Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy
11 that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012
12 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable
13 information may be accommodated in ways which mitigate institutional safety concerns); Robinson v.
14 Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012)
15 (issuing protective order regarding documents containing information which implicated the safety and
16 security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal.
17 Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to
18 risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No.
19 CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring
20 defendants to submit withheld documents for in camera review or move for a protective order).

21 However, this is a civil action to which the Federal Rules of Civil Procedure apply. The
22 discovery process is subject to the overriding limitation of good faith, and callous disregard of
23 discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d
24 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery
25 regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause,
26 the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed.
27 R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial
28

if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.     Motion to Compel**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

3

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).

In his motion to compel, Plaintiff seeks the following: 1) any and all video-taped interviews of inmates and/or prison staff who were questioned on the date of the incident; 2) any notes of the July 31, 2014 interview of Plaintiff that were generated by Lieutenant Robertson; and 3) any and all completed incident reports written about the June 25, 2014 incident by Valley State Prison "VSP" correctional officers/staff D. Mayhew, Burns, Jordan, Cotton, and VSP psych-tech M. Diaz. Plaintiff also seeks sanctions against Defendant.

1. Request for Document Production, Set One, Number One

**Request No. 1:** "Any and all video-taped interviews of inmates and/or prison staff(s) who were questioned on the date of the incident."

**Response:** "Defendant objects to this request on the ground that it is vague, ambiguous, and overly broad. Defendant further objects on the grounds that this request is compound. Defendant further objects to this request on the ground that it seeks information that is not relevant to the claims and defenses at issue in this action and not reasonably calculated to lead to this discovery of admissible evidence. Defendant further objects as this request assumes facts not in evidence. Defendant further objects as this request assumes facts not in evidence. Defendant further objects to this request to the extent that it seeks information, the disclosure of which could endanger the safety of other inmates and staff of the CDCR or jeopardize the security of the institution, and is therefore deemed confidential under Cal. Code Regs. tit. 15, § 3321."

"Without waiving these objections, Defendant responds as follows: There are no videos or videotaped interviews responsive to this request." (Sloan Decl. ¶ 2, Ex A.)

**Supplemental Response:** In response to Plaintiff's meet and confer letter dated October 21, 2015, Defendant elaborated and stated:

"This is a full and complete response as there are no videos taken concerning the incident that are in the possession of CDCR or Valley State Prison (VSP).  A use of force video was made on the date of your alleged incident on June 25, 2014.  However, Defendant has been unable to locate the video through the institution.  Should this video become available, Defendant will immediately make the video available for viewing by the Plaintiff.  Defendant reserves the right to supplement this response and provide the video to Plaintiff should it be located at a future date."
(Sloan Decl. ¶ 5, Ex. D.)

**Ruling:** In response to Plaintiff's meet and confer letter, Defendant advised Plaintiff that after a diligent and reasonable search, no records responsive to this request have been located.  (Sloan Decl. ¶ 2, Ex. A; ¶ 5, Ex. D.)  With specific regard to the video recording/written statements taken by Lieutenant Padua, on June 25, 2014, from Plaintiff, Defendant informed Plaintiff the video has not been located after a diligent search.  (Critchlow Decl. ¶¶ 10, 12-15; Robertson Decl. ¶¶ 2, 4, 5.)  Defendant submits that he is continuing to search for the responsive video and informed Plaintiff that the video will be provided to him if it is located.  (Critchlow Decl. ¶ 15; Robertson Decl. ¶ 5; Sloan Decl. ¶ 5, Ex. D.)  Absent evidence to the contrary, not present here, Plaintiff is required to accept Defendant's response that such video has not been located and if and when located, it will be produced.  Accordingly, Plaintiff's motion to compel a further response is DENIED.

2. <u>Request for Document Production, Set One, Number Two</u>

**Request No. 2:** "Any and all notes of the July 31, 2014, interview of the plaintiff that were generated by Correctional Lieutenant D. Robertson."  (Sloan Decl. ¶ 2, Ex. A.)

**Response:** "Defendant objects to this request on the ground that it is vague, ambiguous, and overly broad.  Defendant further objects [on] the grounds that this request is compound.  Defendant further objects to this request on the ground that it seeks information that is not relevant to the claims and defenses at issue in this action and not reasonably calculated to lead to this discovery of

5

admissible evidence.  Defendant further objects as this request assumes facts not in evidence. Defendant further objects to this request to the extent that it seeks information, the disclosure of which could endanger the safety of other inmates and staff of the CDCR or jeopardize the security of the institution, and is therefore deemed confidential under Cal. Code Regs. tit. 15, § 3321."

"Without waiving these objections, Defendant responds as follows: No discoverable notes were generated by Correctional Lieutenant D. Robertson after any July 31, 2014 interview." (Sloan Decl. ¶ 2, Ex. A.)

**Supplemental Response:**  In response to Plaintiff's meet and confer letter dated October 21, 2015, Defendant further elaborated by stating:

"Defendant provided all discoverable documents responsive to this request along with a privilege log for the confidential documents.  There were no additional notes taken during or after the July 31, 2014 interview, other than that which has already been provided or listed on the privilege log. Defendant will not be providing any additional information regarding this request."

Defendant provided a Privilege Log with his response that stated in part:

"2. Our computerized Inmate Appeals Tracking System allows us to search for staff complaints submitted against CDCR personnel by name.  Staff complaints are retained for five years.  The documents responsive to Plaintiff's request no. 2 include the confidential portions of the appeal inquiry related to the appeal Plaintiff Michael Bird submitted against Officer Mayhew concerning an incident on June 24, 2014, identified in Log No. 1 of the privilege log, attached as Exhibit A.  Officer Mayhew retains a privacy interest in those confidential findings under the California Code of Regulations, Title 15, section 3450, subsection (d) and (e), as well as the Official Information Privilege.  Providing this information to Plaintiff would reveal to him the manner in which staff complaints are investigated by prison officials, and specific findings concerning the Defendant to which he is not entitled.  Moreover, in Plaintiff's grievance, it was determined that Officer Mayhew acted appropriately, and did not violate CDCR policy.  Nonetheless, allowing Plaintiff to view these findings creates security concerns because Plaintiff may share this information with other inmates to disrupt order and undermine proper respect for institutional authority.  It may also provide insight to Plaintiff for how he could more effectively fabricate false accusations against prison officials in the

future.  It may also reduce the morale of prison staff by leaving them with the impression that confidential findings on accusations made against them will not be protected, and can be disseminated to the inmate population once a lawsuit is filed.

3.  If disclosed, it may discourage staff from speaking candidly during investigations.

4.  It is difficult to project how much harm could result from an order requiring CDCR to disclose the confidential portions of the appeal inquiries related to Plaintiff's own administrative appeals.  Sworn peace officers believe the confidential portions of the appeal inquiries related to Plaintiff's own administrative appeals, are held in confidence, and they are held in confidence.  The effect of the disclosure of these documents on prison staff members, who are routinely subject to false or unsubstantiated accusations of misconduct, is also difficult to project.  At the very least, morale will likely suffer from such a development."
(Sloan Decl. ¶ 3, Ex. B.)

In his motion to compel, Plaintiff contends the notes in which he is referring concern the use of force statements given by Plaintiff during the July 31, 2014, interview between himself and the Lieutenant.  In addition, Plaintiff seeks any statements made by Defendant Mayhew to the Lieutenant regarding the use of force.

**Ruling:** If a party receives a discovery request that would reach material that it believes is covered by the official information privilege may assert such objection that invokes such privilege.  However, Defendant's objection on the basis of privilege is overruled.  Defendant has failed to make the necessary showing that the requested statements made by Plaintiff and Defendant Mayhew in relation to Plaintiff's staff complaint are privileged.  The Supreme Court has long noted that privileges are disfavored.  Jaffee v. Redmond, 518 U.S. 1, 9 (1996).  "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question."  Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988).  Privileges are to be "strictly construed" because they "impede full and free discovery of the truth."  Eureka Fin. Corp. v. Hartford Acc. and Idemnity Co., 136 F.R.D. 179, 183 (E. D. Cal. 1991).  "If the privilege is worth protecting, a litigant must be prepared to expend some time to justify the assertion of the privilege."  Id.

In civil rights cases, questions of privilege are resolved by federal law. Kerr v. U.S. District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975), aff'd on procedural grounds, 426 U.S. 394, (1976). "State privilege doctrine, whether derived from states or court decisions, is not binding on federal courts in these kinds of cases." Kelly v. City of San Jose, 114 F.R.D. 653, 655-656 (N.D. Cal. 1987).

Nevertheless, "[f]ederal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) ("[g]overnment personnel files are considered official information."). The official information privilege ensures disclosure of discoverable information without comprising the state's interest in protecting the privacy of law enforcement officials and in ensuring the efficacy of its law enforcement system. Kelly, 114 F.R.D. at 662-663. "To determine whether the information sought is privileged, courts must weigh the potential benefit of the disclosure against the potential disadvantages, if the latter is greater, the privilege bars discovery. Sanchez, 936 F.2d at 1033-1034. "In the context of civil rights suits against [correctional officials], this balancing approach should be 'moderately pre-weighed in favor of disclosure.'" Soto, 162 F.R.D. at 613 (quoting Kelly, 114 F.R.D. at 661).

The party invoking the privilege must at the outset make a "substantial showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters attested. Soto v. City of Concord, 162 F.R.D. 602, 613 (N.D. Cal. 1995). "The claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege." Kerr, 511 F.2d at 198 (citation omitted). The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (40 a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made. Soto, 162 F.R.D. at 613. In addition, "[t]he asserting party, as in any case where a privilege is claimed, must

sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." Miller, 141 F.R.D. at 300.

Defendant asserts the official information privilege by presenting boilerplate objections that fails to comply with the above requirements. The only specific fact presented that is directly related to this case is that staff members Cotton and Jordan were interviewed in addition to Defendant Mayhew. However, this fact does not render such documentation confidential in nature and, in any event, Plaintiff seeks only the statements made by himself and Defendant Mayhew. Accordingly, Plaintiff's motion to compel is GRANTED, and Defendant shall provide any and all statements made by himself and Defendant Mayhew during the July 31, 2014, interview by Lieutenant D. Robertson.

3. Request for Document Production, Set One, Number Three

**Request No. 3:** "Any and all completed incident reports written about the June 25, 2014, incident by Valley State Prison "VSP" Correctional Officers/Staffs D. Mayhew, Burns, Jordan, S. Cotton, and VSP Psych-Tech M. Diaz."

**Response:** Defendant objects to this request on the ground that it is vague, ambiguous, and overly broad. Defendant further objects [on] the grounds that this request is compound. Defendant further objects to this request on the ground that it seeks information that is not relevant to the claims and defenses at issue in this action and not reasonably calculated to lead to th[e] discovery of admissible evidence. Defendant further objects to this request to the extent that it seeks information, the disclosure of which could endanger the safety of other inmates and staff of the CDCR or jeopardize the security of the institution, and is therefore deemed confidential under Cal. Code Regs. tit. 15, § 3321."

"Without waiving these objections, Defendant responds as follows: All responsive, non-confidential documents, are attached as Bates numbers 1-19."
(Sloan Decl. ¶ 2, Ex. A.)

In his motion to compel, Plaintiff states that each correctional staff member named in this request either wrote a report as a witness who was present during the June 25, 2014, incident, or was a witness to whom Plaintiff reported the incident. Therefore, Plaintiff argues he is entitled to discovery of such evidence.

9

1  **Ruling:** As phrased, Plaintiff requested any copies of incident reports relating to the June 25, 2014, incident involving Plaintiff and Defendant Mayhew. Although Defendant submits the official information privilege, there is no privilege log and Defendant does not specifically address such privilege as it relates to the incident reports, and for the same reasons stated above, Defendant's objection on the basis of privilege is overruled. To the extent such incident reports exist, Plaintiff's motion to compel a further response to this request is GRANTED. Defendant shall be directed to produce all incident reports drafted by any of the above individuals relating to the June 25, 2014 incident, at issue in this action.

### C. Motion for Sanctions

To the extent Plaintiff seeks the imposition of sanctions against Defendant under the Court's inherent authority and under Federal Rule of Civil Procedure 37(a)(5), Plaintiff's request must be denied.

Federal courts have the inherent authority to sanction conduct abusive of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991). However, because of their very potency, inherent powers must be exercised with restraint and discretion. Chambers, 501 U.S. at 44 (quotation marks omitted). To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001). Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions, Vernon, 255 F.3d at 1134; *Fink*, 239 F.3d at 994, but mere negligence or recklessness will not suffice, In re Lehtinen, 564 F.3d 1052, 1058 (9th Cir. 2009).

The record does not support a finding that Defendant acted in bad faith in responding to Plaintiff's discovery requests, and Plaintiff's motion for sanctions pursuant to the Court's inherent authority is denied.

With respect to Rule 37, the Court may apportion reasonable expenses where a motion to compel is granted in part and denied in part. Fed. R. Civ. P. 37(a)(5)(C). In this instance, the Court does not find that an apportionment of expenses is just, as Plaintiff is the prevailing party on only 2 out

of 3 discovery requests. Furthermore, Plaintiff has not incurred attorney's fees nor has he shown he in fact incurred photocopying and mailing costs.[1] See Haney v. Saldana, No. 1:04-cv-05935-AWI-SMS-PC, 2010 WL 3341939, at *10 (E.D. Cal. Aug. 24, 2010) (lack of attorney's fees, entitlement to free copies as indigent prisoner, and court's need to issue a number of limiting instruction are circumstances under which an award of sanction to the plaintiff would be unjust).

## II.
## ORDER

1. Plaintiff's motion to compel is GRANTED in part and DENIED in part as follows:

   a. Plaintiff's motion to compel a further response to Request for Document Production Number 1 is DENIED;

   b. Plaintiff's motion to compel a further response to Request for Document Production Number 2 is GRANTED, and within thirty (30) days from the date of service of this order, Defendant shall provide any and all statements made by himself and Defendant Mayhew during the July 31, 2014, interview by Lieutenant D. Robertson; and

   c. Plaintiff's motion to compel a further response to Request for Document Production Number 3 is GRANTED, and within thirty (30) days from the date of service of this order, Defendant shall produce all incident reports drafted by any of the identified individuals relating to the June 25, 2014 incident, at issue in this action.

2. Plaintiff's motion imposition of sanctions is DENIED.

IT IS SO ORDERED.

Dated: **January 29, 2016**

UNITED STATES MAGISTRATE JUDGE

---

[1] Pro se litigants are not entitled to attorney's fees. Kay v. Ehrler, 499 U.S. 432, 435, 1423 S.Ct. 1435 (1991).