UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BIRD,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD MAYHUE,<br><br>    Defendant. | Case No.: 1:15-cv-00298-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF THE DISCOVERY DEADLINE AND DENYING MOTION FOR IN CAMERA REVIEW OF PERSONNEL FILES<br><br>[ECF Nos. 31, 32] |

    Plaintiff Michael Bird is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was removed from the Madera County Superior Court to this Court on February 25, 2015.

    Currently before the Court is Plaintiff's motion for an extension of the discovery deadline and motion for in camera review of Defendant Mayhew's personnel file, filed February 22, 2016, respectively. (ECF Nos. 31, 32.) Defendant filed an opposition to Plaintiff's motion for an extension of the discovery deadline on March 2, 2016. (ECF No. 33.) The motions are now deemed submitted for review by the Court. Local Rule 230(*l*).

///
///
///
///

I.

DISCUSSION

A.  Motion For Extension of Discovery Deadline

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Pursuant to the Court's July 17, 2015, discovery and scheduling order, the deadline for completion of all discovery is March 17, 2016. (ECF No. 26.) On February 1, 2016, the Court granted in part and denied in part Plaintiff's motion to compel further discovery. (ECF No. 30.) The Court ordered Defendant to produce any statements made by Plaintiff and Defendant Mayhew during the July 31, 2014 interview by Lieutenant Robertson. Defendant was also ordered to produce the incident report drafted by identified individuals relating to the June 25, 2014 incident. (ECF No. 30, Order at 11.) Defendant responded to Plaintiff's discovery requests on February 16, 2015-almost two

weeks before they were due to Plaintiff, and one day prior to Plaintiff's filing the instant motion for an extension of time.[1]  (ECF No. 33-1, Declaration of Andrea Sloan (Sloan Decl.) ¶ 8, Ex. A.)

Defendant submits that with regard to Plaintiff's Request for Production No. 2 (incorrectly referenced by Defendant as No. 1), relating to notes of an interview conducted by Lieutenant Robertson, Defendant provided the notes prepared by Lieutenant Robertson during the August 5, 2014, interview.  (Sloan Decl. ¶ 8, Ex. A.)  Defendant submits that no new information was provided in either Defendant Mayhew's statement or Plaintiff's statement that had not already been provided in Defendant's discovery responses.  (Sloan Decl. ¶ 10.)

With regard Plaintiff's Request for Production No. 3 (incorrectly referenced by Defendant as No. 2), Defendants submits that neither himself, officer Cotton, officer Jordan, Diaz or Burns created incident reports related to the alleged June 25, 2014 incident.  (Sloan Decl. ¶ 8, Ex. A.)  Diaz did, however, prepare two separate form 7219s-Medical Report of Injury or Unusual Occurrence.  (Id.)  Diaz's form 7219 noted as being performed at 18:10 was previously provided to Plaintiff in Defendant's responsive documents as Bates number 7.  (Id.)  Diaz's form 7219 noted as being performed at 12:18 was attached to Plaintiff's complaint, and is equally available to Plaintiff.  (Id.)  Diaz's form 7219 noted as being performed at 12:18 was also included in Defendant's supplemental response.  (Id.)  Plaintiff was informed that Defendant is not aware of any incident reports prepared by a staff member by the name of Burns.  (Id.)  Defendant requested Plaintiff to provide more information regarding the alleged report so Defendant could look into the matter further.  (Id.)  However, as of the date of filing, Plaintiff has not provided any information regarding the report he seeks or whether it even exists.  (Sloan Decl. ¶ 11.)

Based on the record before the Court, Plaintiff has failed to present good cause to extend the discovery deadline and his motion must be denied.

///

///

---

[1] As previously stated Plaintiff filed the instant motion for an extension of the discovery deadline on February 17, 2016 (under the mailbox rule), and Defendant filed supplement responses pursuant to the Court's order on the motion to compel on February 16, 2016.

**B.    Request for In Camera Review of Defendant's Personnel File**

Plaintiff requests that the Court order and review Defendant Mayhew's personnel file in camera. Plaintiff contends that he is entitled to review Defendant Mayhew's personnel file as it relates to prior misconduct.

Plaintiff's motion must be denied. As an initial matter, discovery is self-executing and should not be filed with the Court unless and until there is a dispute as to the request. Further, no substantively meritorious basis for an in camera review has been presented. See U.S. v. Zolin, 491 U.S. 554, 569-575 (1989); In re Grand Jury Investigation, 974 F.2d 1068, 1074-1075 (9th Cir. 1992). Plaintiff fails to demonstrate what, if any, efforts by way of appropriate discovery request he has done to seek any relevant and discoverable documentation. In camera review is available only in limited circumstances, and even if the moving party meets its initial factual burden, courts retain discretion to grant or deny the request. See Zolin, 491 U.S. at 570-572; In re Grand Jury Investigation, 974 F.2d at 1075. Thus, Plaintiff's blanket request for in camera review of the entire personnel file of Defendant Mayhew is simply not justified. Accordingly, given the absence of a sufficient factual basis supporting Plaintiff's motion for an in camera review, the motion shall be denied.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to extend the discovery deadline is DENIED; and
2. Plaintiff's motion for in camera review of Defendant Mayhew's personnel file is DENIED.

IT IS SO ORDERED.

Dated:   **March 16, 2016**

UNITED STATES MAGISTRATE JUDGE