1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL BIRD,                          )   Case No.: 1:15-cv-00298-LJO-SAB (PC)
                                            )
12              Plaintiff,                  )
                                            )   ORDER OVERRULING PLAINTIFF'S
13       v.                                 )   OBJECTION TO COURT'S ORDER GRANTING
                                            )   DEFENDANT'S REQUEST TO EXTEND THE
14   DONALD MAYHUE,                         )   DISPOSITIVE MOTION DEADLINE AND
                                            )   NOTICE REGARDING EX PARTE
15              Defendant.                  )   COMMUNICATION
                                            )
16   _____  )   [ECF Nos. 38, 39, 40]

17       Plaintiff Michael Bird is appearing pro se in this civil rights action pursuant to 42 U.S.C. §

18   1983.

19       On May 31, 2016, Plaintiff filed objections to the Court's May 23, 2016, order granting

20   Defendant's request to extend the dispositive motion deadline.  (ECF No. 38.)  On this same date,

21   Plaintiff filed an opposition to Defendant's motion to extend the dispositive motion deadline and

22   notice regarding ex parte communication between defense counsel and the Court.  (ECF Nos. 39, 40.)

23       On May 20, 2016, Defendant filed a motion to extend the dispositive motion deadline, which

24   was granted on May 23, 2016.  (ECF Nos. 35, 36.)  The dispositive motion deadline is currently

25   August 23, 2016.  Plaintiff objects to the Court's order granting the extension of time because it was

26   made prior to the deadline of filing his opposition.

27       Plaintiff opposes Defendants' request for an extension of time on the ground that he has not

28   engaged in meaningful settlement negotiations and an extension of the dispositive motion deadline

                                            1

should not have been extended until after the settlement conference on June 24, 2016.  The fact that Plaintiff and Defendant may disagree as to the monetary amount and have not reached a settlement agreement at this time does not demonstrate that defense counsel has engaged in negotiations in bad faith.  Thus, Plaintiff's objection to Defendant's request for an extension of time is noted but the Court declines to reconsider its decision to grant the extension of the dispositive motion deadline.

Plaintiff also objects to "ex parte communication" between the Court and defense counsel. The Court reached out to defense counsel to set this case for settlement conference on June 24, 2016, was merely to ascertain defense counsel's schedule and availability, and the Court in no way discussed the merits of this case.  Indeed, the Court often reaches out to parties in cases it deems fit for a settlement conference and "ex parte communication is permissible for scheduling purposes that do not address substantive matters where the judge reasonably believes no party will gain a procedural, substantive, or tactical advantage."  See Eleanora J. Dietlein Trust v. Am. Home Mortg. Inv. Corp., No. 11-cv-0719-LRH VPC, 2014 WL 911121, at *2 (D. Nev. Mar. 7, 2014) (citing Canon 3A(4)(B) of Code of Conduct for United States Judges).  Thus, contacting defense counsel for non-substantive scheduling purposes, as done here, does not constitute improper ex parte communication.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's objections to the Court's May 23, 2016, order granting Defendant's request to extend the dispositive motion deadline and "ex parte" communication are OVERRULED.


IT IS SO ORDERED.

Dated:   **June 2, 2016**

UNITED STATES MAGISTRATE JUDGE

2